# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| A.M., a minor child by and through his parents NICK MUETING and PAULA MUETING, | )<br>)<br>) |
| Plaintiffs, | )  CIVIL ACTION<br>) |
| v. | )  No. 19-2317-KHV<br>) |
| UNIFIED SCHOOL DISTRICT 443 and SOUTHWEST KANSAS AREA COOPERATIVE DISTRICT 613, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ORDER TO SHOW CAUSE

On June 14, 2019, A.M., a minor child, by and through his parents Nick and Paula Mueting, filed this action challenging the decision of a state review officer that denied reimbursement for certain living expenses. Complaint (Doc. #1). This matter is before the Court on defendants' Time Sensitive Motion For Appropriate Relief (Doc. #17) filed October 29, 2019. For reasons stated below, the Court orders defendants to show good cause in writing why the Court should not overrule their motion as moot.

A.M. is a minor who resides in Dodge City, Kansas with his parents. A.M. has a genetic disorder that imposes several educational limitations. Accordingly, pursuant to an Individualized Education Plan ("IEP"), A.M. would receive educational services at the Kansas State School for the Blind ("KSSB") in Kansas City, Kansas – 337 miles from Dodge City. Although the IEP provided that defendants would reimburse plaintiffs for various travel expenses, it did not address living expenses for A.M. while he was attending KSSB. In July of 2017, without advising defendants, plaintiffs leased an apartment in Lenexa, Kansas – 22 miles from KSSB – so that they could take A.M. to medical appointments. On July 10, 2018, after they disagreed with defendants

over the living expenses, plaintiffs filed a due process complaint before a Kansas special education hearing officer alleging that defendants failed to provide free and appropriate public education in violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et. seq. Specifically, plaintiffs argued that the IEP placed A.M. at a school that was hundreds of miles from home without providing an evening residence, thereby forcing them to bear the burden and expense for A.M.'s daily transportation. Plaintiffs requested actual out-of-pocket expenses, including reimbursement for the Lenexa apartment.

On March 28, 2019, a state administrative officer directed defendants to reimburse plaintiffs for certain travel expenses, but denied reimbursement for expenses associated with the Lenexa apartment. On April 26, 2019, plaintiffs appealed. On May 16, 2019, the review officer denied reimbursement for the Lenexa apartment.

On June 14, 2019, plaintiffs filed this action challenging the decision of the state review officer pursuant to K.S.A. § 72-3418(c) and 20 U.S.C. § 1415(i)(2). Specifically, among other remedies, plaintiffs request that the Court order defendants to reimburse them for the expenses associated with the Lenexa apartment.

On September 6, 2019, while their appeal was pending before the Court, plaintiffs filed a second due process complaint and requested another state administrative hearing regarding various new claims. On October 25, 2019, after defendants moved for a more definitive statement in that proceeding, plaintiffs explained that their second complaint again sought reimbursement for expenses associated with the Lenexa apartment.

On October 29, 2019, defendants filed their Time Sensitive Motion For Appropriate Relief (Doc. #17), arguing that because the state administrative officer had already decided the reimbursement issue and because the issue was now pending on appeal, the Court should enjoin

plaintiffs from pursuing their successive claim or stay the administrative hearing while this appeal proceeds.

It is unclear to the Court whether defendants' motion is moot. Defendants noted that they filed a "similar" motion in the state administrative proceeding, presumably raising the same res adjudicata and claim-splitting arguments. <u>Time Sensitive Motion For Appropriate Relief</u> (Doc. #17) at 3 n.1. Moreover, defendants initially requested that the Court promptly decide their motion prior to the state administrative hearing, which was scheduled for November 1, 2019. <u>Id.</u> at 3. On October 31, however, defendants notified the Court that their motion is no longer time sensitive, and plaintiffs have not responded to it. Accordingly, it is unclear whether plaintiffs' reimbursement claims are still pending in the state administrative proceeding, which is the basis for defendants' motion, or whether defendants wish to pursue this motion.

**IT IS THEREFORE ORDERED** that defendants show good cause in writing on or before December 11, 2019 why the Court should not overrule their motion as moot.

Dated this 4th day of December, 2019 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u><br>
KATHRYN H. VRATIL<br>
United States District Judge